Filed 2/3/16  P. v. Castenada CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064605 |
| v. | (Super.Ct.No. BAF1500388) |
| RODOLFO SAMUEL CASTENADA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Laurel Simmons, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Rodolfo Samuel Castenada pled guilty to driving under the influence with a blood alcohol content of

0.08 percent or greater causing bodily injury to another person (Veh. Code, § 23153, subd. (b)). Defendant also admitted that he had suffered one prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). In return, defendant was sentenced to a stipulated term of 32 months in state prison with credit for time served. Defendant appeals from the judgment, challenging the validity of the plea and ineffective assistance of counsel. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2015, defendant willfully and unlawfully drove a motor vehicle with a blood alcohol level greater than 0.08 percent. While driving, defendant violated the law and neglected to perform a duty imposed by law that proximately caused an accident causing injury to another person.

On June 2, 2015, a felony complaint was filed charging defendant with driving under the influence of alcohol causing bodily injury to another person (Veh. Code, § 23153, subd. (a); count 1); driving under the influence with a blood alcohol content of 0.08 percent or greater causing bodily injury to another person (Veh. Code, § 23153, subd. (b); count 2); failing to stop at the scene of the accident and fulfill legal requirements (Veh. Code, § 20001, subd. (a); count 3); and driving a vehicle on a suspended or revoked license (Veh. Code, § 14601.1, subd. (a); count 4). The complaint also alleged that defendant had suffered one prior strike conviction, to wit, criminal threats in 2006 (Pen. Code, §§ 667, subds. (c) & (e)(1); 1170.12, subd. (c)(1)).

2

On June 26, 2015, pursuant to a negotiated plea agreement, defendant pled guilty to count 2 and admitted the prior strike conviction in exchange for a stipulated term of 32 months (the low term of 16 months, doubled) in state prison. After directly examining defendant, the trial court found that defendant understood his declaration and the plea form; that defendant understood the nature of the charges and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for his plea.

On July 30, 2015, defendant was sentenced to 32 months in state prison in accordance with his plea agreement.

On September 29, 2015, defendant filed a notice of appeal and request for certificate of probable cause, challenging the validity of the plea based on defense counsel's advisement that he would receive half-time custody credits and defense counsel's failure to file a *Romero*[1] motion. On October 2, 2015, the trial court granted defendant's request for certificate of probable cause.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                                        P. J.

We concur:


McKINSTER
                    J.


MILLER
                    J.

4